Good morning, Your Honor. Stephen Doniger for Malibu Textiles. At this time, I'd like to reserve six minutes for rebuttal. All right. H&M has argued that they are entitled to notice, and they have argued that notice includes knowing what the registration number is. Which is part of the Form AO-121 that is filed at the court, and thus is freely available to them. Mr. Doniger, do you have some problem with putting it in the complaint? Is this like a secret or something? I mean, is there any reason why you can't allege that in the complaint? No, Your Honor. In fact, in the Label Lane case, it is specifically in Paragraph 9 of the complaint, and if for some reason it is required to be in the complaint, we've got no problem putting it in there. That said, there has been no case law saying that it's a required element of the pleading. In fact, the elements necessary to prove a claim for copyright infringement are ownership of a valid copyright and copying, which is divided into access and substantial similarity. It's not one of the elements of a claim for copyright infringement. It is effectively like a claims processing requirement that we're aware of any authority saying that such a requirement necessarily needs to be pledged specifically. I guess, you know, sometimes, you know, we look at these things so academically, at least speaking for myself, I can lose track of where we are as a practical matter. If the judge says your complaint didn't put the number in, I suppose you can file a notice of appeal and file briefs and go to the Ninth Circuit and, you know, argue about that, or you can amend the complaint and put the number in. I'm curious why that wasn't the easy, easy solution here. It would have been, Your Honor. We specifically asked for leave to amend and advised Judge Reel that we could easily put the number of the copyright registration in, and yet somehow Judge Reel found that leave to amend would be futile and that we couldn't fix that alleged deficiency. So I don't – you're quite right, and I don't understand why we're here with regard to that point since it would have been the easy fix, and we would have been happy to do it. What about the other problems he identified in this particular case? Not the other one, but this one. Well, as the Court has noted, referencing the amended complaint from the Labelain case, it's clear that we could have provided a full description of where the substantial similarity is. We could have provided a further description of what we believe to be the copyrightable expression. We could have provided further details on access, while we believe that the inverse ratio rule does say that where designs are so – I mean, there's case law where designs are so strikingly similar to preclude the possibility of independent creation, access can be presumed, and we've alleged that original elements of the design – or we could have readily alleged, if it's not in the complaint that was dismissed without leave to amend, that protectable elements of the design were copied verbatim. Defendants have said, well, we're entitled to know what the garment is. Is it a shirt? What is it? In fact, in the complaint in this case, and you can look at the excerpt of record on page 94, it says, following the sampling and sales, plaintiff found unauthorized copies of the design on the form of garments for sale at H&M, including but not limited to those sold under SKU number, and there's a SKU number there and bearing the RN number. All of the information available on the garments that H&M could use to search its records and see what was sold under the SKU number was provided. Similarly, in the labeling case, you can look at paragraph 9 – I'm sorry, paragraph 12, of the First Amendment complaint that references the garments by the style number on the garments and the SKU number they were sold under. There's simply no good faith argument that we haven't adequately identified the offending garments at issue. And as noted, if any additional information was necessary, I'm at a complete loss as to why leave to amend would not have been granted since the allegations could have been bolstered and there was no opportunity whatsoever to do so, despite, again, our belief that the complaint was properly pled at the first. And we say that because – I'm sorry, including paragraph – is it paragraph 10 of this complaint where you allege access? Do you think that that's sufficient? No. The paragraph in this complaint that alleges access is paragraph – 10, right? Isn't that all you said? I believe it's 16. Oh, 16. Wait a minute. Hold on a second. Maybe I'm – No. No, you might be right. That is 10, I think, on this one. Okay. No, paragraph 14. Plaintiff is informed and believed that defendants accessed the subject design through third-party vendors and or DOE defendants, including without limitation overseas converters and printing mills, access to plaintiff's design library, strikeoffs and samples, access to garments manufactured and sold which bear fabric lawfully printed, and garments bearing fabric lawfully – So our client is a textile company primarily dealing in laces. They produce fabric overseas. If one of those overseas mills makes their design available to a company like H&M, it's not a defense to copyright infringement, and we've specifically alleged potential access through overseas companies. Again, we don't know at this point and can't be expected to know or plead how specifically H&M accessed our client's design. Just to be clear, in the other case, you're relying on widespread dissemination. In this case, you're relying on sort of direct access by the defendant? No, the same allegations are in both complaints. What the complaints allege is they could have – both complaints allege they could have accessed these through overseas converters, companies our clients use that would have the design, garments lawfully manufactured with fabric that are floating around the marketplace, and that's beefed up in the label lane cases. In fact, hundreds of thousands of yards have gone out into the market. Why don't you have to allege some way where – that you know they use those places or that they would have to or something about the industry? Because I don't see anything in this complaint that creates the chain that's required in order to allege access. We are unable to create a chain to establish access without knowing what H&M's position is. Ashcroft, the Iqbal says, you know, you can't go on a fishing expedition. I mean, the appellants there made the same argument, and the Supreme Court said, no, you need to have enough to make it plausible that you can prove your case. Correct. And here it's, well, we sell all over the place, and they could have gotten it any of the places where we sell. It doesn't seem like that would be enough to make it plausible have they obtained your fabrics. You're correct, but in Campbell and the line of cases following it, the Supreme Court has said that we're not obligated to prove facts solely within the knowledge of the other party. Look, we could certainly allege these garments were made in China. Our client has manufactured hundreds of thousands of yards in China. The design is there and certainly shouldn't be given to anyone other than our, you know, with our client's permission, but they may have had access there. So if you were given a chance to amend, could you be more specific about access, or are you saying this is all there is? The problem is I could come up with additional theories, but effectively the plaintiff is then being asked to guess or speculate about possible routes of access. What I can say for certain is that our client has printed a substantial yardage of this fabric, hundreds of thousands of yards. We can put that in there. We can put in there that we work with overseas suppliers that on occasion can wrongly disseminate designs to people that shouldn't have them. We can say, there's things that we can say, and then there's asking us to speculate or guess in the pleadings about possible actual routes, and I think there's ample case law that says we're not obligated to do that. Would you like to reserve your time? Yes, and at this point I'd like to please reserve the remainder of my time. Thank you, Your Honors. Good morning again, Your Honor. Stacey Reardon for Respondent H&M and Cross Appellant. I disagree with opposing counsel's last statement. I believe that they are obligated to have at least one theory of access when they plead their complaint in the first instance. They can either allege direct access, which was what was at issue in the LA PrintEx case. They sold the fabric directly to Aeropostale and the people who made goods for them. So they have four different ways that you could plead access. There's direct access, there's chain of events, there's widespread dissemination, and they can even plead striking similarity. And if they plead striking similarity, that presumption can be rebutted by evidence of independent creation, which a copyright registration, if the defendant had one, would rebut that presumption and then take that avenue away from them. So if they amended the complaint to plead striking similarity and put in the photos from their motion to reconsider, which were more strikingly similar than the ones in their complaint, would that be enough to state a claim for copying? I would say that would be enough to state a claim for copying, provided that, as the defendant, we can make a motion to dismiss. And if I had a copyright registration that showed independent creation, then they would lose and they would have to replead, and striking similarity would not be an avenue for them anymore. All right. So then you go back to the original three types of access that Three Boys sets forth. Okay. But that concession that you just made, doesn't that essentially dictate the outcome of this appeal at least? Because here, unlike the other case, they never were given an opportunity to amend even once, right? This is the very first complaint they filed. The only way we can affirm dismissal on the rationale that Judge Riel adopted was to say that amendment would be futile, and you just conceded, it seems to me, that it wouldn't be. I think in listening to opposing counsel and to listening to him argue and to seeing his complaint and then seeing the complaint in label lane, which is not the first amended complaint, which is not atypical, I don't know if they have more facts. I don't know if amendment is futile or not. He said when he was up here a few minutes ago, he said it would be mere speculation of which ways or how H&M accessed this pattern. But the theory of striking similarity says we infer from such striking similarity that there was no other way that it could have occurred but for copying. So there's no requirement to plead access under that theory. I'm sorry. I think the striking similarity test, it would assume access, except it says that access is presumed unless independent creation existed, and there's actually a test to look at. Right, but for purposes of an amended complaint, right, they don't have to prove that there wasn't independent access. They just have to allege striking similarity, and they've stated a claim of copying. So they've alleged ownership, and the striking similarity would allege copying. Actually, the striking similarity shifts the burden. So the burden, if they plead striking similarity, the burden moves to the defendant to rebut that presumption. And you can rebut that presumption in a few ways. The most efficient way of doing that is with a copyright certificate showing independent creation, but you can also show that the works were in the public domain and there's a higher probability that independent creation occurred. So it wouldn't affirmatively get them past the pleading stage. It just pushes the presumption onto the defendant very similar to a certificate of registration, puts the presumption, if it's filed within the applicable period of time, puts the presumption on the defendant. So it doesn't necessarily mean they wouldn't survive a motion to dismiss. It just means that it's a burden on us to rebut. In the labeling, I'm sorry. In terms of notice, it's not just the copyright number. It's the deposit materials that go along with the copyright, and it's the certificate of registration. Those materials are very, not challenging, but they can be not always available from the copyright office. They take three, four, five months to get those materials from the copyright office. And as a defendant, in trying to mount a case and in trying to put forth a defense, we're entitled to notice and we shouldn't have to figure out a puzzle. In this case, we pulled the online materials. The copyright office doesn't have the type of library that you can get in the trademark office. We can't see what they went through to approve the print or not. And here we found there's two or three copyrights for the 1967 print. It cross-references another print that's an earlier Malibu print. So this whole case was a puzzle. And if we're going to be hauled into court, we should be entitled to know what we're defending. And so it's not just the number. The number itself is not sufficient. The certificate of registration plus the accompanying materials needs to be pled. So I just wanted to touch on that point. Because the number is in the form that's submitted to the case as part of the docket. And the number was put into the labeling case. But wasn't put into either one of these complaints was the certificate of registration. And what wasn't put into either one of the cases was the deposit materials. So this is something you'd like us to hold? I'm assuming you don't have a case supporting that. No, not in this circuit. No. In the second circuit, there are the requirements seem to be more rigorous there. Maybe because there are so many textile cases coming out of that circuit. But, no, yes. Such a holding would be great guidance to those of us that it would have prevented us a trip here in this instance. Want to address your attorney's fees appeal? Sure. Okay. In this case, we spoke to the plaintiffs before they filed. They sent us a cease and desist letter.  We told them we didn't access their goods. We had never heard of them. H&M is in Sweden. We haven't seen their print before. There was no evidence. There was no facts. There was nothing in anyone's knowledge that connected the two parties. Nonetheless, we have these two patterns that look like each other. And we tried to figure out a resolution to this case because litigation is expensive. And our attempts at resolving this matter were totally revoked. And so we move in the district court. We prevail on our motion to dismiss. And then we apply for fees. And the judge denied our fee request, and he said that because plaintiff wasn't moving in bad faith and because we saved the expense of moving for summary judgment, he denied our fee request. And we argued in our paperwork that that wasn't a sufficient standard. We have the forwarding factors. There's five of them, which should be weighed in making a determination whether our fee request is reasonable. And recently in Kurtzing II, the Wiley Sons versus Kurtzing before the Supreme Court, they found that many courts, this again coming out of the Second Circuit, many courts were putting overwhelming reliance on the objective reasonableness of the losing party's position. So they would basically say in the Ninth Circuit, they would say if the case went to the jury, that is objectionably reasonable, and then they shouldn't get fees awarded against them. And given the positions taken here, you know, they have the deposit materials. They have a copyright registration. Why weren't those materials attached to the complaint? And if they don't have such materials, they never should have hauled us into court in the first instance. So not only, and there wasn't any access allegations, and the judge found this was a naturally occurring flower. So when you weigh all five of the Fogarty factors, we find that each one weighs in our favor and a fee should be awarded. Do you want to save the rest of your time for rebuttal? Yes, Your Honor. Thank you, Your Honors. Your Honors, I submit that the motion to dismiss should have been denied, including with regard to the access allegations, because there were allegations in the complaint, sufficient to establish the virtual identity of the garments. I don't think we need to use the word striking similarity per se. If you look at paragraph 11, it says that following Malibu's sampling and sales of this design, it found unauthorized copies of the design in the form of those garments being sold. Unauthorized copies doesn't, it doesn't say different but substantially similar. It says unauthorized copies. A copy is a copy, and if it's a copy and it's identical, then that is sufficient to establish striking similarity. And remember, as you're well aware, that in deciding a motion to dismiss, the factual allegations need to be interpreted in the light most favorable to the plaintiff. If, in fact, these were copies, verbatim reproductions, that is sufficient to establish substantial similarity. I'm sorry, the virtual identity of the designs. So I don't think the complaint needed to be amended to specifically allege that. I think it's there. Wouldn't you say, well, tell me if I'm wrong on this. Wouldn't you say, though, that in this context, just using the word copy or copied, isn't that just equivalent to a legal conclusion, and you've got to give us or give the court the sort of factual underpinning for that so that we can conclude that it's plausible that you're going to be right when it comes time to proving this out? I don't think so. I think that if a copy is made of something, if I take, I remember when I was a kid, and you'd get, you know, your friend would make a mixtape and then make you a copy of it. A copy is a copy. It's a plain language definition that suggests, if not directly means, that it's an identical reproduction. Now, whether or not that's true will be flushed out at summary judgment at trial. But if the allegation is true, and I don't think it's a legal conclusion, if I make a copy of it, if I plead that I made a copy of a tape, that means something. No, but why couldn't you, for example, as you tried to do in the other complaint, why couldn't you say this is a copy and here's why. It's got the exact same stylized flower in this position. It's surrounded by this, that, the other, and all of the spatial elements are identical or something like that, right? You could certainly put a little meat on the bones, right? Absolutely. You know, we could, by the same token, we could attach copies of all of the sampling and sales records to show the widespread dissemination. We could put it together as if it were a summary judgment motion. Could we do that? Absolutely. I don't think that that's required by the current pleading standards. Certainly, even if a pleading standard is higher than it was in Perfect Ten, which admittedly it would be under, you know, the more recent case law, Equal Entombly, sorry, my tongue is tripping over itself. It doesn't rise to that level that we need to effectively make our closing argument in the pleading. That's our position. I also note that in the Label Lane case, the plaintiff was not given an opportunity to amend. The plaintiff chose, before any motion to dismiss was filed, and in light of H&M, to amend the complaint, but it's not like that was, there was a motion to dismiss, leave to amend, and so that, I just want to make sure that we're on the same page factually, that there was no leave to amend granted in that case. I know, but, I mean, we have the two cases before us, and we kind of know how it played out. I mean, you obviously amended in the other case in response, I assume, to the dismissal order you got in this case. Yes, yes. With regard to, and I just want to briefly address counsel's arguments that we should have had to put in the copyright certificate and attach a copy of it. There are cases where a copyright certificate may have been received from the Copyright Office, you know, 10 years ago, 20 years ago, and if that can't be found, it simply can't be the case that even though you've complied with the registration requirement, you can't file a copyright action until you've gone to the Copyright Office to get your certificate. The purpose of the Copyright Act and the case law interpreting it and upholding it is not to create unnecessary roadblocks and burdens to copyright holders whose works have been infringed, and that's effectively what the arguments of H&M in this case are trying to do. Do you want to reference the attorney's visa issue in your last few minutes, seconds? Yes, of course, Your Honor. The Kurtzang case is, I think, potentially dispositive of the issue. It simply cannot be said that a lawsuit over a design that years earlier in another federal court our client prevailed on a copyright infringement action for was found to hold a valid copyright and prevailed in that action on summary judgment, summary judgment, and following this court's decision, of which Your Honor was a party, was one of the justices in the Oropistal case, holding that floral designs are entitled to broad protection. It simply cannot be held that it was in any way frivolous or, I mean, the words of Kurtzang is that substantial weight should be given to the objective reasonableness of the claim. And even if there's a pleading defect, which we don't believe there was, the case certainly, it certainly cannot be found that there was no objective reasonableness to bring a case on a design that had previously been deemed, our client had previously been deemed to hold a valid copyright in, given the totality of the circumstances. So given substantial weight to that factor, and again, well, I don't, I think that this court would be remiss to reverse Judge Reel's ruling on the attorney fee motion, which unlike his ruling on the motion to dismiss, which is de novo, is subject to an abusive discretion standard. Thank you. Thank you. We have your argument. We have a few minutes for rebuttal, only on the attorney's fees. We see in the Copyright Act, there's all kinds of balancing going on, right? Congress has balanced the rights between the court and the Copyright Office. Congress says that you have to go to get a copyright, a certificate of registration first before you can come to the court. In standing here today, it's still a balancing act. You know, we were forced to, H&M was forced to jump through multiple, multiple, multiple hoops in order to prevail on its motion to dismiss. We didn't need to do that. Those materials should have been in the possession of the plaintiff, and their failure to attach them to the motion makes their, it puts their motive, it makes us question their motive. So not only was their position not objectively reasonable, they need to be told, you need to do this. There's a deterrence aspect here and a motivation aspect of the facts in this case that also support a finding of fees for H&M. Not many defendants have the resources to come here and to argue whether access is properly pled or a copyright, the valid copyright, a certificate of registration is properly attached to the complaint. Most people settle. It was in the plaintiff's briefs. They filed 453 of these complaints within a five-year period. Ten went to trial, and only three came up here for further review. If a defendant loses a motion to dismiss, there's no review of that. You can ask for emergency review, but that's highly unlikely to get a hearing. So it's only when a defendant wins that we have an opportunity to talk about these issues. So this case, and in addition, here, we talked to the plaintiffs beforehand, and they knew there was no access. And instead, they went forward with the complaint anyway. And there was no more theory of access or no more details in the complaint than what you see today. And even standing here today, counsel for the plaintiffs state that they did it right. You know, they say their pleading standard was right. So I think that this is a case where fees are appropriate. And when you weigh all of those fogarty factors, their position is not objectionably reasonable. There needs to be something said about the motivation. There needs to be something said about the frivolousness of making us, as between the two parties, who should pull the deposit materials. And as a note to the Carol Anderson case, at issue there was only ownership of the copyright. Access was conceded, and substantial similarity was conceded. So the substance or the merits of the copyright itself was not reached by the judge there. It was only whether Malibu owned that and if the assignment process had gone correctly. So that case doesn't really teach anything about whether they would succeed here, because the copyrights at issue were not examined. I think that's all I would like to say, Your Honor, unless you guys have any further questions. Thank you. Thank you. All right, the case of Malibu Textiles v. H&M is submitted.
judges: Silverman, Ikuta, Watford